**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JING FENG; XIAOTAO SUN,

             Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

             Respondent.

No.   21-70666

Agency Nos.   A205-186-749
                      A205-186-750

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2023[**]
Las Vegas, Nevada

Before: GRABER, BENNETT, and DESAI, Circuit Judges.

Petitioner Jing Feng is a native and citizen of China who seeks asylum,
withholding of removal, and protection under the Convention Against Torture. She
claims that the Chinese government forced her to have an abortion and have an
IUD inserted in 2011 after she became pregnant with her second child in violation

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

of China's then-active one-child policy.

The immigration judge ("IJ") denied relief, and the Board of Immigration Appeals ("BIA") affirmed. Petitioner timely filed this petition.

Over Petitioner's objection, the IJ admitted the asylum officer's notes from Petitioner's initial asylum interview. Petitioner contested the accuracy of the notes and demanded the opportunity to cross-examine the officer. The IJ did not require the government to "make a good faith effort" to produce the asylum officer at the hearing. *Alcaraz-Enriquez v. Garland*, 19 F.4th 1224, 1231 (9th Cir. 2021) (citation omitted). In his written decision, the IJ made an adverse credibility determination and found the other evidence alone insufficient to support Petitioner's claims. The IJ premised his adverse credibility finding on discrepancies between Petitioner's testimony at the hearing and the asylum officer's notes.

Although the Federal Rules of Evidence do not apply in immigration proceedings, the Fifth Amendment's guarantee of due process does apply. *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009). In the immigration context, the admission of evidence must be "fundamentally fair." *Id.* Specifically, an asylum officer's notes must have "sufficient indicia of reliability" to be admitted into evidence. *Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005). And if a petitioner: (1) objects to the admission of the interviewing officer's notes,

(2) contests a material portion of the notes' contents, and (3) asks for the officer to be produced, the government must attempt to make the officer available for cross-examination. *Alcaraz-Enriquez*, 19 F.4th at 1231; 8 U.S.C. § 1229a(b)(4)(B). To prevail on a due process challenge, a petitioner also must show "substantial prejudice." *Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 440 (9th Cir. 2021) (citation omitted), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–36 (9th Cir. 2021) (en banc).

Here, the officer's notes were properly admitted into evidence because they were reliable. *See Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995); *Singh*, 403 F.3d at 1085–90. But even so, Petitioner should have had the opportunity to cross-examine the interviewing officer at the hearing because she contested the accuracy of the notes, asked to cross-examine the asylum officer, and objected to the admission of the report in the absence of that opportunity. *See Alcaraz-Enriquez*, 19 F.4th at 1231.

The government's failure to make a good faith effort to make the officer available for cross-examination was prejudicial because "the outcome of the proceeding may have been affected by the alleged violation." *Cinapian*, 567 F.3d at 1074 (quoting *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000)); *Alcaraz-Enriquez*, 19 F.4th at 1232 (ruling that the petitioner's due process rights were violated when the BIA did not require the government to make a good-faith effort

to produce an adverse witness because the IJ could have found the petitioner's story more credible if the witness had been cross-examined). We therefore grant the petition.

Because we grant the petition on this ground, we decline to decide whether the IJ erred in making an adverse credibility finding. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Petition GRANTED and REMANDED for further proceedings consistent with this disposition.